UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-00028-TWP-VTW-11 |
| ) | |
| BRANDY GUM, ) | |
| ) | |
| Defendant. ) | |

### ENTRY DENYING MOTION TO REDUCE SENTENCE

This matter is before the Court on Defendant Brandy Gum's ("Ms. Gum") Motion to Reduce Sentence under the First Step Act of 2018 (Dkt. 912). For the reasons stated below, the Motion is **denied**.

### I. LEGAL STANDARD

On December 21, 2018, the President signed the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act, ("First Step Act"), which promotes recidivism reduction programs and amends some sentencing provisions. Title IV of the First Step Act reduces certain enhanced mandatory minimum penalties for some drug offenders. As it relates to 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(A) and 851[1], Section 401 of the First Step Act reduces the mandatory life sentence for a third drug offense to a 25-year mandatory minimum, further reduces the 20-year mandatory minimum for a second drug offense under 21 U.S.C. §§ 841/851 to a 15-year mandatory minimum. The First Step Act also changes the law so that the sentence going forward will apply to people who have one prior conviction for a "felony drug offense" or a "serious violent felony. However, these provisions are not retroactive, rather these

---

[1] Under 21 U.S.C. § 851, The First Step Act not only reduced the mandatory minimum penalties, but also changed the conditions under which they apply.

changes in the law apply only to sentences going forward (after December 21, 2018) for people who have one or more prior convictions for a "felony drug offense" or a "serious violent felony".

## II. **DISCUSSION**

Ms. Gun was charged by indictment on December 15, 2015, with Count One: Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances (500 Grams or More of Methamphetamine, One Kilogram or More of Heroin, and Five Kilograms or More of Cocaine), pursuant to 21 U.S.C. § 841(a)(1) and 846. (Dkt. 75). On March 7, 2016 an Information pursuant to 21 U.S.C. § 851 was filed, alleging she had sustained a prior felony drug conviction in 2012. (Dkt. 277). On May 25, 2017, Ms. Gum entered a plea of guilty to Count One. In exchange for her plea of guilty to Count One, the Government agreed to withdraw the § 851 information. (Dkt. 564 at 2). Ms. Gum was sentenced on September 22, 2017 to 168 months' imprisonment, followed by 8 years of supervised release.

In the Motion before the Court, Ms. Gum seeks a reduction of her sentence pursuant to the First Step Act. After filing her Motion, the Court stayed the proceedings and appointed the Indiana Federal Community Defender to investigate and determine whether they would accept representation. (Dkt. 913.) Following investigation, the Federal Community Defender counsel moved to withdraw, and that motion was granted on July 19, 2019. (Dkt. 936.) Ms. Gum was informed that unless she retained private counsel, she would have to pursue her motion *pro se*. (Dkt. 939.) Ms. Gum was also instructed to "supplement her motion with any information or argument that may inform the Court's discretion to grant or deny Defendant's Motion within **21 days** of this Entry " *Id*. (emphasis in original), or by August 10, 2019. The time to respond has expired and Ms. Gum has not supplemented her motion.

The Motion states only that the First Step Act "applies to my charges…and I am humbly asking the courts to apply a correction to my sentenced time" (Dkt. 912 at 1-2). Ms. Gum's Motion must be denied for two reasons. First, the § 851 Information in her case was dismissed as part of her plea agreement. There was no § 851 enhancement of her sentence, so the changes in the law do not apply to her conviction. Second, Ms. Gum was sentenced prior to December 21, 2018 and the provisions of the First Step Act relating to drug offenses is not retroactive.

### III. CONCLUSION

Because the First Step Act reforms under which Ms. Gum requests a sentence reduction do not apply to her conviction or sentence, the Motion to Reduce Sentence (Dkt. 912) is **DENIED.**

**SO ORDERED.**

Date: 9/11/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brandy Gum, #14452-028
Secure Female Facility Hazelton
P.O. Box 3000
Bruceton Mills, West Virginia 26525

Barry Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov